IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KATHLEEN JOHNSTON and LORETTA WEIGNER, on behalf of themselves and all others similarly-situated,

Plaintiffs,

v.

CROSSMARK, INC., and THE DANNON COMPANY, INC.,

Defendants.

Civil Action No. 08-1525 (SDW) (MCA)

ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE FOR THE PROPOSED CLASS

WHEREAS, on November 6, 2008, Plaintiffs KATHLEEN JOHNSTON, LORETTA WEIGNER, and JANICE FARHENHOLTZ (hereinafter, "Plaintiffs") filed a Motion for Conditional Certification and Notice for the Proposed Class (hereinafter, "Motion for Conditional Certification");and

WHEREAS, on December 23, 2008, Defendants CROSSMARK, INC. and THE DANNON COMPANY, INC. (hereinafter, collectively, "Defendants," or "CROSSMARK" or "Dannon," individually) filed Defendants' Opposition to Plaintiffs' Motion for Conditional Certification and Notice to the Proposed Class; and

WHEREAS, on December 30, 2008, Plaintiffs filed their Brief In Reply to Defendants' Memorandum in Opposition to Plaintiffs' Brief in Support of Motion for Conditional Certification and Notice to Proposed Class; and

WHEREAS, on January 5, 2009, Defendants filed Defendants' Surreply in Opposition to Plaintiffs' Motion for Conditional Certification and Notice to the Proposed Class; and

WHEREAS, on February 20, 2009, the Court conducted a hearing, reviewed evidence, and heard argument of counsel on Plaintiffs' Motion for Conditional Certification. The parties appeared and were represented by their respective attorneys of record; and

WHEREAS, after considering the pleadings, the evidence and the arguments of counsel, the Court finds that the Motion should be GRANTED in part and DENIED in part for the reasons stated on the record.

IT IS, THEREFORE, on this _____ day of March, 2009,

ORDERED that Plaintiffs' Motion for Conditional Certification is GRANTED insofar as the Court shall conditionally certify a class of full-time Retail Representatives who are or were employed by CROSSMARK at any time between January 1, 2006 and September 30, 2008 in order to determine whether CROSSMARK has failed to pay overtime wages allegedly owed to such Retail Representatives as a result of a computer-generated rounding process that converted minutes-worked by such Retail Representatives into hours-worked. It is further

ORDERED that Plaintiffs' Motion for Conditional Certification is DENIED insofar as the Court declines to conditionally certify a class of all Retail Representatives who are or were employed by CROSSMARK at any time between January 1, 2006 and the present on the issues of (i) whether CROSSMARK has failed to pay straight-time or overtime wages for time spent by Retail Representatives performing various administrative tasks at the beginning and end of each work day; and (ii) whether CROSSMARK has failed to pay straight-time or overtime wages for time spent by Retail Representatives driving from home to their first assignment each day, and from their last assignment to home at the end of each day. It is further

ORDERED that CROSSMARK shall deliver to Plaintiffs' counsel, within thirty (30) days of the issuance of this Order, an electronic list of the names and last known mailing addresses (including street, city, state, zip code, where available) for each member of the proposed class. It is further

ORDERED that, no later than April 10, 2009, Plaintiffs' counsel shall send the notice and consent form attached to this Order to the putative opt-in plaintiffs by first class mail. It is further

ORDERED that any consent form submitted by a putative opt-in plaintiff must be postmarked no later than June 12, 2009, and filed with the Court no later than June 26, 2009.

All relief sought in Plaintiff's Motion for Conditional Certification but which is not expressly granted herein is DENIED.

By: _____
Hon. Susan D. Wigenton
United States District Judge

AGREED AS TO FORM:

Attorneys for Plaintiffs Kathleen Johnston,
Loretta Weigner and Janice Fahrenholtz

By: _____
Ralph A. Powell
Wayne D. Bozeman
POWELL BOZEMAN, P.A.

Attorneys for Defendants CROSSMARK, Inc.
and The Dannon Company, Inc.

By: _____
Stephen E. Fox
Elizabeth M. Bedell
FISH & RICHARDSON P.C.

By: _____
Adam N. Saravay
Marisa J. Steel
McCARTER & ENGLISH, LLP

ME1 7904753v.1

## IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS

**TO:** CURRENT OR FORMER EMPLOYEES OF CROSSMARK, INC., WHO HAVE BEEN OR CURRENTLY ARE EMPLOYED AS FULL-TIME RETAIL REPRESENTATIVES AT ANY TIME BETWEEN JANUARY 1, 2006 AND SEPTEMBER 30, 2008.

**FROM:** POWELL BOZEMAN, P.A.

**RE:** RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID COMPENSATION

**DATE:** APRIL 10, 2009

### 1. PURPOSE OF NOTICE

The purpose of this Notification is to inform you of the existence of a collective action lawsuit in which you may be eligible to participate because you may be "similarly situated" to the named Plaintiffs. This Notification is also intended to advise you how your rights under the federal Fair Labor Standards Act (the "Act") may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you decide that it is appropriate and you choose to do so.

This Notification is also intended to inform you that, if you choose to join this lawsuit, you will designate the named Plaintiffs as your agents to make decisions on your behalf concerning (i) the litigation; (ii) the method and manner of conducting this litigation; (iii) the entering of an agreement with Plaintiffs' counsel concerning fees and costs; and (iv) all other matters pertaining to this lawsuit. The decisions and agreements made and entered into by the named Plaintiffs will be binding on you if you join this lawsuit.

This Notification also is intended to inform you that the court has not made any ruling yet as to whether you are or are not entitled to any overtime compensation. That issue has yet to be determined, and is vigorously contested by CROSSMARK. Moreover, the court has not determined or required the application of any specific formula for determining how much, if any, compensation you may be entitled to receive.

### 2. DESCRIPTION OF THE LAWSUIT

A lawsuit has been brought by Kathleen Johnston, Loretta Weigner, and Janice Fahrenholtz (the "named Plaintiffs") against CROSSMARK in the Unites States District Court for the District of New Jersey as Cause No. 08-1525 (SDW). The lawsuit alleges that CROSSMARK failed to provide overtime compensation as required by the Act.

Plaintiffs' lead counsel is:   Ralph A. Powell and Wayne D. Bozeman
POWELL BOZEMAN, P.A.
1900 Knight Circle
Yardley, PA 19067
Telephone: (215) 439-7781
Facsimile: (484) 887-8475

The overtime provisions of the Act require that for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from the overtime provisions of the Act. The named Plaintiffs claim that during their employment with CROSSMARK, they worked in excess of forty hours, but were not paid the overtime at the rate of one and one-half times their hourly rate for the hours they worked in excess of forty. Specifically, the named Plaintiffs allege that from January 2006 until September 2008, a conversion error in CROSSMARK's computer system caused pay shortages of minutes worked by Retail Representatives. Plaintiffs are suing to recover unpaid overtime compensation for the period from January 1, 2006 until September 30, 2008.

CROSSMARK vigorously denies the Plaintiffs' allegations, and maintains that its compensation policies and practices fully comply with the FLSA. CROSSMARK further contends that any unpaid overtime compensation resulting from the alleged computer error in converting minutes worked is de minimis as a matter of law.

### 3. COMPOSITION OF THE CLASS

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Those individuals that the named Plaintiffs allege are similarly situated are current and former employees of CROSSMARK who have been and/or currently are employed as full-time regular Retail Representatives at any time between January 1, 2006 and September 30, 2008.

This Notification is for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiffs are actually "similarly situated."

### 4. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you were or currently are employed by CROSSMARK as a full-time regular Retail Representative at any time between January 1, 2006 and September 30, 2008, you may have a right to participate in this lawsuit.

You may file a consent form to seek to participate in this lawsuit even if you did or did not keep records of your hours worked.

### 5. HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Notice of Consent" ("Consent Form"). If you choose to join this lawsuit and, thus, participate in any recovery that may be obtained from this lawsuit, **it is extremely important that you read, sign and return the Consent Form to:**

Ralph A. Powell and Wayne D. Bozeman
POWELL BOZEMAN, P.A.
1900 Knight Circle
Yardley, PA 19067
Telephone: (215) 439-7781
Facsimile: (484) 887-8475.

The signed Consent Form must be postmarked by **June 12, 2009**. If your signed Consent Form is not postmarked by **June 12, 2009**, you will not participate in any recovery that may be obtained against CROSSMARK in this lawsuit. If you have any questions about filling out or sending in the Consent Form, please contact Plaintiffs' counsel listed on page one of this Notice.

### 6. EFFECT OF JOINING THIS SUIT; NO RETALIATION PERMITTED

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You also will be bound by, and may share in, any settlement that may be reached on behalf of this class.

If you choose to join this lawsuit, you may be required to (i) appear for a deposition in; (ii) respond to written discovery; and/or (iii) appear at a trial in Newark, New Jersey.

The named Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorney fees or costs chargeable to you.

You may request a copy of the contingency fee agreement executed by the named Plaintiffs in this matter from Plaintiffs' counsel at the address, telephone number, or facsimile number that appears on page one of this notice.

It is a violation of Federal law for CROSSMARK to discharge, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any ways as a result of your receiving this notification, considering whether to join this lawsuit or actually joining this lawsuit, you should contact Plaintiffs' counsel immediately.

7.  **NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT**

If you choose not join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted. The pendency of this lawsuit will not stop running of the statute of the limitations as to any claims you might have until you opt-in to it.

8.  **FURTHER INFORMATION**

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' counsel at the address, telephone number, or facsimile number identified on page one of this Notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN JOHNSTON, LORETTA WEIGNER, and JANICE FAHRENHOLTZ, on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROSSMARK, INC., and THE DANNON COMPANY, INC.,<br><br>Defendants. | Civil Action No. 08-1525 (SDW) |

## CONSENT TO JOIN

I WANT TO JOIN THIS LAWSUIT. I hereby authorize the prosecution of this Fair Labor Standards Act action in my name and on my behalf by Kathleen Johnston, Loretta Weigner, and Janice Fahrenholtz, the "Representative Plaintiffs." I designate these Representative Plaintiffs as my agents to make decisions on my behalf concerning this litigation, including the method and manner of conducting the litigation, the entering of an agreement with their counsel concerning attorney's fees and costs, and all other matters pertaining to the lawsuit.

I understand that the Representative Plaintiffs have entered into a contingency fee agreement with the law office of Powell Bozeman, P.A. that applies to all persons who join this lawsuit. I understand that I may obtain a copy of the contingency fee agreement on request. By choosing to join this lawsuit, I agree to be bound by the contingency fee agreement.

By choosing to join this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable. I also understand that I will be bound by, and may share in, any settlement that may be negotiated on behalf of all plaintiffs and approved by the Court.

I acknowledge and understand that if I had chosen not to join this lawsuit, I would not be affected by any judgment rendered or settlement reached in this lawsuit, whether favorable or unfavorable.

I hereby consent to join this lawsuit.

_____          _____
Signature                                 Date

### PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:

Full Legal Name:_____

Any Other Name Used or Known By:_____

Mailing Address:_____

City, State, and Zip Code:_____

Daytime Telephone:_____

Evening Telephone (optional):_____

Cellular Telephone (optional):_____

E-mail Address (optional):_____