NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN JOHNSTON, LORETTA WEIGNER and JANICE FAHRENHOLTZ, on behalf of themselves and all others similarly situated,<br>          Plaintiffs,<br>v.<br><br>CROSSMARK, INC., and THE DANNON COMPANY, INC.,<br><br>          Defendants. | Civ. Action No. 08-1525<br><br><br><br><br><br>**OPINION**<br><br><br>July 16, 2009 |

**Wigenton**, District Judge

Before the Court is Plaintiffs', Kathleen Johnston, Loretta Weigner, and Janice Fahrenholtz, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), Motion for Reconsideration ("Motion") of the Court's March 10, 2009 Order denying, in part, and granting, in part, Plaintiffs' Motion for Conditional Class Certification. The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court denies Plaintiffs' Motion for Reconsideration.

**Legal Standard**

Pursuant to Local Civil Rule 7.1(i), a party may seek reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion" if the party believes the Court "overlooked" certain matters or controlling decisions when it ruled on the original motion. Such a motion may only be granted if: (1) an intervening

change in the controlling law has occurred; (2) or evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Pardy v. Dupuy*, No. 07-cv-1385, 2008 LEXIS 52044, at *3 (D.N.J. July 8, 2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Marracco v. Kuder*, 2009, U.S. Dist. LEXIS 6757, at *2. (D.N.J. January 30, 2009).

"A motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Marracco*, 2009 U.S. Dist. LEXIS 6757, at *3. "A party seeking reconsideration must show more that a disagreement with the Court's decision," and mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotations omitted).

**Discussion**

Plaintiffs assert that because the Court denied their motion for conditional class certification regarding administrative and travel time, their computer pay shortage claims are in effect, gap time pay claims for which there is no remedy under the Fair Labor Standards Act. Thus, Plaintiffs would like the Court to issue an Order denying Plaintiffs' Motion for Conditional Class Certification, and granting Plaintiffs additional pre-certification discovery.

There is no basis for this Court to reconsider its March 10, 2009 decision. There has been no intervening change in the controlling law; no new evidence, previously

2

unavailable, has become available; and it is unnecessary to correct a clear error of law or prevent a manifest injustice. Plaintiffs' request that this Court nullify its March 10, 2009 Opinion and permit additional pre-certification discovery has no foundation in the law. Defendants' disagreement with the Court's decision is unpersuasive and an insufficient basis as a matter of law, for this Court to reconsider it previous decision. *Database Am., Inc.* 825 F. Supp. 1216, 1220 (D.N.J. 1993). Thus, Defendant's Motion for Reconsideration is denied.

## CONCLUSION

For the reasons discussed above, this Court denies Plaintiffs' Motion for Reconsideration[1].

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties

---

[1] The Court notes that Defendants' opposition papers, in effect, seek reconsideration of the Court's March 10, 2009 Opinion as well; said application is also denied. The Court's Opinion and Order of March 10, 2009 stands, as is.

3