McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444

FISH & RICHARDSON P.C. (*pro hac vice*)
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070

Attorneys for Defendants,
CROSSMARK, Inc. and The Dannon Company, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN JOHNSTON, LORETTA WEIGNER, and JANICE FAHRENHOLTZ, on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>CROSSMARK, INC., and THE DANNON COMPANY, INC.,<br><br>Defendants. | Civil Action No. 08-1525 (SDW)<br><br>DECLARATION OF ELIZABETH BEDELL |

I, Elizabeth M. Bedell, declare as follows:

1.  I am a citizen of the United States, and an adult over the age of twenty-one (21) years. I have never been convicted of a felony or of a crime involving moral turpitude. I make this Declaration of my own personal knowledge, and could and would testify competently to the matters set forth herein if called upon to do so.

2.  I am counsel for CROSSMARK, Inc. and The Dannon Company, Inc. in this matter.

3. The document attached as Exhibit "2" is a true and correct copy of correspondence sent by CROSSMARK's lead counsel, Stephen E. Fox, to Plaintiffs' counsel, Ralph Powell on July 30, 2009.

4. The document attached as Exhibit "3" is a true and correct copy of correspondence sent by Plaintiffs' counsel, Ralph Powell, to CROSSMARK's counsel on July 31, 2009.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Dallas, Texas on this 10th day of August, 2009.

*Elizabeth Bedell*
Elizabeth M. Bedell

# Exhibit "2"

| | |
|---|---|
| **From:** | Dolores Puente |
| **Sent:** | Thursday, July 30, 2009 9:57 AM |
| **To:** | 'Ralph A. Powell (rpowell@powellbozeman.com)'; 'rapowell13@comcast.net'; 'wbozeman@powellbozeman.com' |
| **Cc:** | Stephen Fox; Elizabeth M. Bedell |
| **Subject:** | Crossmark/Johnston: 2009-07-30 Ltr to Powell fr Fox |
| **Attachments:** | 2009-07-30 Ltr to Powell fr Fox .pdf |

I have attached a copy of correspondence for your review.

Dolores Puente | Litigation Secretary | Fish & Richardson P.C. | 1717 Main Street | Suite 5000 | Dallas, TX 75201| direct: (214) 292-4061 | main: (214) 747-5070 | facsimile: (214) 747-2091 | puente@fr.com | www.fr.com |

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

1717 MAIN STREET
SUITE 5000
DALLAS, TEXAS
75201

Telephone
214 747-5070

Facsimile
214 747-2091

Web Site
www.fr.com

Stephen E. Fox
(214) 292-4060

Email
sfox@fr.com

July 30, 2009

<u>Via Electronic Mail</u>

Ralph Powell, Esq.
Powell Bozeman, P.A.
1900 Knight Circle
Yardley, PA 19067
Email: rapowell13@comcast.net

Re:   *Kathleen Johnston et al. v. CROSSMARK, Inc. et al.*; Cause No. 08-1525;
      United States District Court for the District of New Jersey

Dear Ralph:

It has come to our attention that you have contacted numerous current and former CROSSMARK employees via e-mail correspondence purporting to notify them about this litigation and requesting that they contact you to discuss their ability to join the lawsuit. To be clear, I have enclosed one of the e-mails at issue. I write to demand that you immediately cease and desist all such communications.

First, these communications violate not one—but two—orders in which the Court specifically denied class certification as to Plaintiffs' admin time and drive time claims, ordered that no notice be issued concerning those claims, and approved the issuance of a more limited and neutral notice only as to Plaintiffs' computer rounding claim. *See* March 10, 2009 Order (Doc. 41); July 17, 2009 Order (Doc. 46).

Equally troubling, these communications contain several misrepresentations. By way of example, the e-mail inaccurately states that the recipient may be eligible to join the lawsuit to recover unpaid wages for admin time and/or drive time—an impossibility in light of the Court's orders. The e-mail also inaccurately states that Plaintiffs may recover straight time wages—an impossibility that Plaintiffs conceded in their Motion for Reconsideration. *See* discussion re gap time claims, at pp. 2-3.

These communications also appear to be expressly prohibited by the New Jersey Code of Professional Conduct. These rules clearly state that a lawyer may not make false or misleading communications about any matter in which he has or seeks a professional involvement. *See* NEW JERSEY R. PROF. CONDUCT at 7.1(a)(1)-(2). The rules also prohibit a lawyer from sending a written communication to a prospective client unless the communication bears the word "ADVERTISEMENT" at the top and contains certain disclaimers about the recipient's rights—none of which is included in your e-mail. *See id.* at 7.3(b)(5).

FISH & RICHARDSON P.C.

Ralph Powell, Esq.
July 30, 2009
Page 2

Separate and apart from these proscriptions, courts routinely restrict such communications because they undermine the collective action procedures outlined in the FLSA by circumventing the established court-supervised procedures for issuing fair, accurate and neutral notice. *See, e.g., Bouder v. Prudential Fin., Inc.*, No. 06-CV-4369, 2007 WL 339603, *2 (D.N.J. 2007) (granting defendants' motion to require plaintiffs to cease and desist from their attempted notice and mass communications to putative plaintiffs, explaining that letter usurped court's power and statutory duty to oversee FLSA process for notice); *Jones v. Casey's General Stores*, 517 F. Supp. 2d 1080, 1085-87 (S.D. Iowa 2007) (issuing protective order prohibiting unauthorized communications in collective action litigation). In addition, where the *ex parte* communications are misleading and coercive in nature, courts have imposed sanctions against the plaintiffs and their counsel, including the issuance of corrective notice and a prohibition against counsel's representation of the recipients of such communications. *See, e.g., Hamm v. TBC Corp.*, 597 F. Supp. 2d 1338, 1352-53 (S.D. Fla. 2009); *Belt v. Emcare*, 299 F. Supp. 2d 664, 669-70 (E.D. Tex. 2003).

For these reasons, we request that you confirm that (1) you will cease all such communications with current and former CROSSMARK employees; and (2) you will produce a list of the names and contact information (specifically including, but not limited to, e-mail addresses) of every individual to whom you, your co-counsel, or any of your clients has sent the enclosed e-mail or similar communications no later than August 6, 2009. Please be advised that if we have not received this confirmation **by the close of business on July 31, 2009**, CROSSMARK will bring this matter to the Court's attention.

If you wish to discuss this matter, please contact me at your earliest convenience.

Very truly yours,

Stephen E. Fox    by permission
                  ElBell

SEF/emb

cc:   Wayne D. Bozeman, Esq.        (*Via E-mail*)

**From:** Ralph Powell [mailto:rapowell13@comcast.net]
**Sent:** Mon 7/27/2009 5:05 PM
**To:** 'Ralph A Powell'
**Subject:** Crossmark lawsuit to recover wages due

Dear Current or former CrossMark Employee

I represent a group of current and former CrossMark employees who were allegedly not paid for all the hours they worked. A lawsuit has been filed in Federal Court to seek back pay.

The areas where some employees were not paid were: (1) For administrative time spent on duties such as SalesTrak that exceeded the time employees were "allowed" to report, (2) Travel time to the first work site from home and travel time from the last worksite to home, and (3) time spent working on projects that was in excess of "budgeted" time.

### RETAIL REPRESENTATIVES FILE FEDERAL LAWSUIT AGAINST CROSSMARK, INC.

Several former and current Crossmark Retail Representatives have filed a lawsuit against Crossmark in Federal District Court in Newark, New Jersey. (Docket number 08-cv-1525, Johnston, et al. v. Crossmark, Inc., et al.) The lawsuit alleges that Crossmark has unlawfully deprived full-time and regular part-time Retail Representatives throughout the United States of straight-time and overtime pay to which they were entitled since January 1, 2006. We are seeking to recover all straight-time and overtime wages that Crossmark failed to pay for work that was performed.

The basis for the lawsuit against Crossmark is the *Fair Labor Standards Act*, a federal statute, which provides that employees covered under the *Act* must be paid for all time that they spend performing work that is required by their employer.

ADMINISTRATIVE TIME. In our lawsuit, we contend that Crossmark failed to pay Retail Reps for all of the time they spent performing required administrative tasks at the beginning and end of each workday and at other times. These administrative tasks include downloading information from SalesTrak, uploading information to SalesTrak, printing and organizing documents for use during the workday, checking work related voicemail messages, receiving and sending business emails, synchronization of a hand-held scanner and possibly other tasks.

BUDGETED VS. ACTUAL TIME WORKED. Some Retail Reps were given a "budgeted" amount of time to complete task(s) during a day and were paid only for the time budgeted and not the actual time it took them to complete the task. The FLSA states that employees are to be paid for all time spent working for the benefit of the employer.

TRAVEL TIME TO AND FROM HOME. The *Fair Labor Standards Act* also requires employers, including Crossmark, to pay employees covered under the *Act* continuously from the time their workday begins until their workday ends. This includes all travel time that occurs after the workday begins and before the workday ends. In our lawsuit we claim that Retail Representatives begin each workday by performing administrative tasks at home that were required by Crossmark and end each workday by performing administrative tasks required by Crossmark. However, by policy, Crossmark does not pay Retail Representatives for time less than one hour spent traveling from home to the first store location of the day and for time less than one hour spent traveling to home from the last store location of the day. Our lawsuit claims that Crossmark has violated the *Fair Labor Standards Act* by not paying Retail Representatives for *all* time they spend traveling between the start and the end of each workday.


If you are or were employed by Crossmark, Inc. as a full-time or under certain circumstances, regular part-time Retail Representative, you may be eligible to join the lawsuit and recover unpaid wages due you. Please contact Ralph A. Powell, Esquire, at 215.439.7781 or contact rpowell@powellbozeman.com for more information and to have your questions answered.

Sincerely,

Ralph A. Powell, Esquire



POWELL • BOZEMAN
ATTORNEYS AT LAW

Ralph A. Powell, Esquire, PC
Powell & Bozeman, PA
Licensed in PA and NJ
1900 Knight Circle
Yardley, PA 19067

215.439.7781
215.741-5749 FAX

rpowell@powellbozeman.com

# Exhibit "3"

From: Ralph Powell [mailto:rapowell13@comcast.net]
Sent: Friday, July 31, 2009 3:48 PM
To: Dolores Puente; rpowell@powellbozeman.com; wbozeman@powellbozeman.com
Cc: Stephen Fox
Subject: RE: Response to Crossmark/Johnston: 2009-07-30 Ltr to Powell fr Fox

Dear Steve;

Please find attached our response to your letter of July 30, 2009.

Ralph



Ralph A. Powell, Esquire, PC
Powell & Bozeman, PA
Licensed in PA and NJ
1900 Knight Circle
Yardley, PA 19067

215.439.7781
215.741-5749 FAX

rpowell@powellbozeman.com

Disclaimer / Notice: The information contained in this electronic message is confidential, privileged, proprietary and intended only for the use of the owner of the e-mail address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying of this communication, or unauthorized use of the information is strictly prohibited and subject to prosecution to the fullest extent of the law. If you are not the intended recipient, please delete this electronic message and DO NOT ACT UPON, FORWARD, COPY OR OTHERWISE DISSEMINATE IT OR ITS CONTENTS. Receipt by anyone other than the intended recipient(s) is not a waiver of any privilege. Thank You.
REQUIRED IRS CIRCULAR 230 NOTICE: To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.


From: Dolores Puente [mailto:puente@fr.com]
Sent: Thursday, July 30, 2009 10:57 AM
To: rpowell@powellbozeman.com; rapowell13@comcast.net; wbozeman@powellbozeman.com
Cc: Stephen Fox; Elizabeth M. Bedell
Subject: Crossmark/Johnston: 2009-07-30 Ltr to Powell fr Fox


I have attached a copy of correspondence for your review.

Dolores Puente | Litigation Secretary | Fish & Richardson P.C. | 1717 Main Street | Suite 5000 | Dallas, TX 75201| direct: (214) 292-4061 | main: (214) 747-5070 | facsimile: (214) 747-2091 | puente@fr.com | www.fr.com |


****************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any
unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)
****************************************************************************************************



**POWELL · BOZEMAN**
ATTORNEYS AT LAW

Ralph A. Powell*
Wayne D. Bozeman*
*also Licensed in New Jersey

www.powellbozeman.com
fax: 484-887-8475

July 31, 2009

Via Electronic Mail: puente@fr.com, sfox@fr.com

Stephen E. Fox, Esquire
Fish & Richardson, P.C.
1717 Main Street, Suite 5500
Dallas, TX 75201

Re: Johnston, et al., v. Crossmark, Inc., et al.
No. 08-1525

Dear Steve:

This letter is in response to your letter of July 30, 2009, in which you demand that we stop contacting current and former employees of Crossmark with respect to the above-referenced matter.

In your letter, you claim that the informational email that we have directed to former Crossmark employees throughout the United States somehow violates two orders of the Court. We disagree with your contention.

On March 10, 2009, the Court declined to conditionally certify all current and former Crossmark Retail Representatives nationally as a class concerning two claims that Plaintiffs had advanced. The Court declined to grant conditional class certification as to these two claims because, at that time, the named Plaintiffs, and those who submitted Affirmations in support of Plaintiffs' Motion, either worked or had worked for Crossmark only on the east coast of the United States in a limited number of Crossmark business units. Nothing in the court's order foreclosed Plaintiffs from later demonstrating that the named Plaintiffs and other Crossmark Retail Representatives nationally were similarly situated with respect to violations of the FLSA beyond the so-called "rounding error" that the Court certified for conditional class certification. Moreover, your contentions are puzzling because I told you on July 21st that Plaintiffs intend to seek leave of the Court to amend their Complaint in order to drop the "rounding error" claim and to add twenty or more named plaintiffs who are or were employed by Crossmark at various points throughout the United States.

In your letter, you also claim that Plaintiffs' informational email misrepresents that the recipient may be eligible to join the instant lawsuit if he or she has been subjected to violations of the FLSA by Crossmark. We disagree with you for all of the reasons set forth in the paragraph above.

---

You also claim that Plaintiffs' informational email misrepresents that the recipient may be eligible to recover straight-time wages if he or she has been subjected to violations of the FLSA by Crossmark. You point out that "gap time" claims are not cognizable under the FLSA to support your position. However, as we have previously discussed, and as you well know, "gap time overtime" claims are viable under the FLSA and in the Third Circuit. See 29 C.F.R. § 778.315; Barvinchak v. Indiana Regional Medical Cntr. 2007 U.S. Dist. LEXIS 72805 at 10-13 (W. D. PA 2007); Hayes v. Bill Halley and His Comets, Inc., 274 F. Supp. 34, 37 (E. D. PA 1967).

In your letter you go on to imply that our informational emails to current and former employees of Crossmark were both misleading and coercive. Our email message was completely accurate for all the reasons that I've already set forth, and the recipients of our email message were free to respond or not at their choosing. Moreover, I don't understand how this email message could possibly be considered to be coercive.

As you noted, our informational email did not contain the word "ADVERTISEMENT" as the heading, and it did not contain the two recipient's rights statements as set forth in the New Jersey Rules of Professional Conduct. We do not believe the informational email violated the solicitation provisions of New Jersey's Rules of Professional Conduct because of the nature of the email message and the audience to whom it was directed. Despite our belief, and in deference to caution, we contacted all those who had been sent the initial email and explained that necessary language had been omitted. See attached explanatory email message.

In conclusion, for all the reasons that I have stated above, we see nothing that requires us to discontinue sending the informational email or any other conforming communications to potential plaintiffs in this matter, nor do we find any requirement to produce a listing of those persons to whom the informational emails were sent.

Sincerely,

POWELL BOZEMAN, P.A.
Attorneys for Plaintiffs

*/s/ Ralph A. Powell*

Ralph A. Powell

Dated: July 3, 2009

**Ralph Powell**

From: Ralph Powell [rapowell13@comcast.net]
Sent: Thursday, July 30, 2009 7:21 PM
To: 'Ralph A Powell'
Subject: EMAIL TO FORMER CROSSMARK EMPLOYEES

Dear Former CrossMark employees

On July 19 or 20, 2009 I sent you an email discussing the lawsuit that has been filed against CrossMark. I inadvertently failed to prominently display three important statements. I apologize for that mistake and offer the statements below.

1. I should have had as the Heading of the email, the word, **"ADVERTISEMENT"** in all capital letters.

This is so that you know that I am advertising to find clients to join the lawsuit.

2. I should have also placed at the bottom of the last page, the following statement:

**"Before making your choice of attorney, you should give this matter careful thought. The selection of an attorney is an important decision."**

This is a very true statement and you should give this matter careful thought. You may certainly select any attorney you wish to represent you, and you certainly do not have to use Powell Bozeman or me. Our interest is that the client or potential client be comfortable and make an informed decision. You have every right not to use Powell Bozeman. It is your decision and your decision alone. There are many fine attorneys who could represent you.

3. Also at the bottom of the last page I should have informed you that:

**"If the email I sent you is inaccurate, or misleading, you should report same to the Committee on Attorney Advertising, Hughes Justice Complex, CN 037, Trenton, New Jersey 08625."**

Again I apologize for the omissions. You have the right to select your own lawyer if you wish to do so. If you decide to use another law firm or lawyer, please do not hesitate to have them call me if they have any questions. Our and my interest is that you receive what is and was due you.

Sincerely,

Ralph Powell


POWELL·BOZEMAN

1

Ralph A. Powell, Esquire, PC
Powell & Bozeman, PA
Licensed in PA and NJ
1900 Knight Circle
Yardley, PA 19067

215.439.7781
215.741-5749 FAX

rpowell@powellbozeman.com

Disclaimer / Notice: The information contained in this electronic message is confidential, privileged, proprietary and intended only for the use of the owner of the e-mail address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying of this communication, or unauthorized use of the information is strictly prohibited and subject to prosecution to the fullest extent of the law. If you are not the intended recipient, please delete this electronic message and DO NOT ACT UPON, FORWARD, COPY OR OTHERWISE DISSEMINATE IT OR ITS CONTENTS. Receipt by anyone other than the intended recipient(s) is not a waiver of any privilege. Thank You.

REQUIRED IRS CIRCULAR 230 NOTICE: To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.